IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
TRUSTEES OF THE OREGON-        )
WASHINGTON CARPENTERS-         )
EMPLOYERS HEALTH AND WELFARE   )
TRUST FUND, et al.,            )
                               )   No. CV 08-1382-HU
            Plaintiffs,        )
                               )   FINDINGS AND
     v.                        )   RECOMMENDATION
                               )
MITCHELL CONSTRUCTION          )
SERVICES, LLC,                 )
                               )
            Defendant.         )
_____)
```

Stephen H. Buckley
Cary R. Cadonau
Brownstein, Rask, et al.
1200 S.W. Main Building
Portland, Oregon 978205
     Attorneys for plaintiffs

HUBEL, Magistrate Judge:

///

///

1 - FINDINGS AND RECOMMENDATION

Plaintiffs, trustees of union health and welfare trust funds (the Union), brought this action against Mitchell Construction Services for unpaid trust fund and union dues contributions. An Order of Default was entered on September 4, 2009 (doc. # 17). Plaintiffs now seek entry of a default judgment.

As a result of the default order, all factual allegations in the complaint are deemed true. <u>Fair Housing of Marin v. Combs</u>, 285 F.3d 899, 906 (9th Cir. 2002)("the general rule is that well-pled allegations in the complaint regarding liability are deemed true.") Thus, it is established that defendant was bound by a collective bargaining agreement with the Union, and under the terms of that agreement, defendant agreed to be bound by the terms and conditions of the trust agreements that created the trust funds. Defendant agreed to pay fringe benefit contributions on behalf of its employees performing work covered by the collective bargaining agreement. It is also established that defendant's failure to make the required contributions subjected it to liability for the delinquent contributions, interest on the delinquent contributions at the rate of 12% per annum from the date each contribution became due, until paid, and liquidated damages in an amount equal to 1% of the delinquent or late paid fringe benefit contributions for each month that the fringe benefit contributions are late or delinquent. The Union is also entitled to recover union dues pursuant to the terms of the collective bargaining agreement and interest on the

2 - FINDINGS AND RECOMMENDATION

delinquent or late paid union dues from the date payment became due at the rate of 9% per annum.

The above allegations are also supported by the Declaration of Pete Savage, Regional Manager of the Pacific Northwest Regional Council of Carpenters and by the Declaration of Earl Ratliff, CPA, who has submitted accounting records showing the number of worker hours per month and the amount due, based on those hours, for contributions and dues owed by defendant. Mr. Ratliff has calculated the delinquent contributions, interest, and liquidated damages from February 19, 2008 through August 31, 2008. Ratliff Declaration, Exhibit A.

According to the Ratliff Declaration, Exhibit A, the amounts owed are as follows:

1. A total of $13,851.44 for unpaid contributions;
2. A total of $1,195.38 for unpaid union dues;
3. Interest on the unpaid contributions at a rate of 12% per annum, totaling $1,865.58 as of August 20, 2009. Interest would continue to accrue on the unpaid contributions at the rate of $4.55 per day;
4. Interest on the unpaid union dues at a rate of 9% per annum, totaling $120.75 through August 20, 2009. Interest would continue to accrue on the unpaid dues ($1,865.58) at the rate of $.30 per day;
5. Liquidated damages in the amount of $1,864.00, with

3 - FINDINGS AND RECOMMENDATION

>liquidated damages continuing to accrue in an amount equal to 1% of the unpaid contributions ($13,851.44) for each monthly period on and after September 20, 2009, that they remain unpaid, a monthly rate of $11.54;

    6.    Payroll examination fees in the amount of $1,265.50.

According to the Declaration of Cary Cadonau, plaintiffs incurred attorney's fees in the amount of $1,912.50, for 11.5 hours at an hourly rate of $125-185 per hour, and costs in the amount of $560.00 (filing fee, service costs, and prevailing party fee under 28 U.S.C. § 1923(a).)

The proposed default judgment submitted by counsel is not consistent with Exhibit A of the Ratliff Declaration. The record before the court contains no explanation for these inconsistencies.

I recommend that the Union's motion for entry of default judgment (doc. # 18) be GRANTED, and that judgment be entered in the amounts established by the Ratliff Declaration.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4 - FINDINGS AND RECOMMENDATION

**Scheduling Order**

These Findings and Recommendation will be referred to a district judge. Objections, if any, are due January 25, 2010. If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due February 11, 2010. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this  6th  day of  January , 2010.

/s/ Dennis J. Hubel
_____
Dennis James Hubel
United States Magistrate Judge

5 - FINDINGS AND RECOMMENDATION